IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ex rel. JOHNNY RAY ("J.R.") LONG,<br><br>Plaintiff,<br><br>v.<br><br>GSD&M IDEA CITY LLC,<br><br>Defendant. | Civil Action No. 3:11-cv-1154-O |

## MEMORANDUM OPINION AND ORDER

Before the Court are Defendant GSD&M Idea City, LLC's ("GSD&M") Motion to Dismiss Amended Complaint and Brief in Support (ECF Nos. 37-38); Relator J.R. Long's ("Relator") Opposition to GSD&M's Motion to Dismiss (ECF No. 42) and GSD&M's Reply (ECF No. 44). Having considered the pleadings and the applicable law, the Court finds that GSD&M's Motion to Dismiss (ECF No. 37) should be and is hereby **GRANTED**.

### I.   FACTUAL BACKGROUND

In June 2000, the U.S. Air Force ("USAF") contracted with GSD&M, an advertising business, to create an advertising campaign targeting teenagers who might consider a career in the USAF. First Am. Compl. ¶ 4, ECF No. 13. The contract awarded to GSD&M in June 2000 was a Cost Plus Award Fee contract with eight single-year options (the "2000 Contract"). *Id.*

Relator joined GSD&M in 2006 as their Contracts Manager. *Id.* ¶ 1. As Contracts Manager, Relator prepared and submitted cost proposals in response to solicitations from the USAF for advertising services. *Id.* ¶¶ 4, 7. Relator was responsible for negotiating and finalizing contracts,

task orders, and delivery orders with the USAF. *Id.* ¶¶ 4, 6, 7. Any supplies or services to be performed had to be ordered through the issuance of a task or delivery order. *Id.* Ex. A (Attachments), at App. 227. Relator used overhead costs and profit numbers provided to him by GSD&M when negotiating with the USAF's Contracting Officer. *Id.* ¶¶ 7-9, 15. Relator certified that pursuant to 48 C.F.R. § 15.403-4 the numbers he used while negotiating with the USAF were current, accurate, and complete. *Id.*

In 2007, the USAF decided to put the advertising contract out for a competitive bid. *Id.* ¶ 5. Relator submitted cost proposals and estimates to the USAF. *Id.* ¶¶ 5, 7, 8, 15. In April 2008, the USAF awarded GSD&M the contract, which Relator negotiated and finalized. *Id.* Relator certified the numbers used during negotiations were current, accurate, and complete. *Id.* ¶ 5, 7. The contract awarded to GSD&M was a Cost Plus Fixed Fee contract (the "2008 Contract"), and it had ten single-year options. *Id.* ¶ 5.

Around August 2010, GSD&M began using a new accounting system called Cognos to report to Omnicom Group ("Omnicom"), GSD&M's parent company. *Id.* ¶¶ 12-14. Cognos revealed to Relator the "significant contract irregularities" between the overhead costs and profit numbers GSD&M had been representing to the USAF and the numbers it reported to Omnicom. *Id.* Particularly, Relator alleges that the Cognos numbers revealed that GSD&M had been representing its (1) overhead costs in various years were in the range of 118-152% of its labor costs when in actuality GSD&M's overhead costs were 100% of its labor costs and (2) profits would be 5.5-7% when in actuality profits were 30-40%. *Id.* ¶¶ 7-9, 14, 16, 18-19. As a result of this discrepancy, Relator began to investigate. *See generally id.*

On June 1, 2011, Relator brought the instant qui tam action against GSD&M for violations

of the False Claims Act ("FCA"), 31 U.S.C. § 3729(a)(1) and § 3729(a)(1)(B). *See generally* Relator's Compl. On February 3, 2012, Relator amended his complaint ("Amended Complaint"). *See generally* First Am. Compl., ECF No. 13. Thereafter, GSD&M timely filed its Motion to Dismiss Relator's Amended Complaint, arguing that Relator has failed to state a claim upon which relief can be granted and failed to allege fraud with the requisite particularity under Rule 9(b). *See generally* Mot. Dismiss Am. Compl., ECF No. 37. GSD&M's Motion to Dismiss has been fully briefed and is ripe for determination.

## II. LEGAL STANDARDS

### A. Rules 8(a) and 12(b)(6)

Federal Rule of Civil Procedure 8(a) requires a plaintiff's pleading to include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). If a plaintiff fails to satisfy Rule 8(a), the defendant may file a motion to dismiss the plaintiff's claims under Federal Rule of Civil Procedure 12(b)(6) for "failure to state a claim upon which relief may be granted." Fed. R. Civ. P. 12(b)(6).

To defeat a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is

3

not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557) (internal quotation marks omitted).

In reviewing a Rule 12(b)(6) motion, the Court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mut. Auto. Ins. Co.*, 509 F.3d 673, 675 (5th Cir. 2007). The Court is not bound to accept legal conclusions as true, and only a complaint that states a plausible claim for relief survives a motion to dismiss. *Iqbal*, 556 U.S. at 678. When there are well-pleaded factual allegations, the Court assumes their veracity and then determines whether they plausibly give rise to an entitlement to relief. *Id.* "Generally, a court ruling on a 12(b)(6) motion may rely on the complaint, its proper attachments, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Randall D. Wolcott, M.D., P.A. v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011) (citations and internal quotation marks omitted). Likewise, a court may consider documents that a defendant attaches to a motion to dismiss if they are referred to in the plaintiff's complaint and are central to the plaintiff's claims. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000).

**B.     Rule 9(b)**

Claims brought pursuant to the FCA must comply with the particularity requirements of Rule 9(b). *U.S. ex rel. Steury v. Cardinal Health, Inc.*, 625 F.3d 262, 266 (5th Cir. 2010) (citing *U.S. ex rel. Thompson v. Columbia/HCA Healthcare Corp.*, 125 F.3d 899, 903 (5th Cir. 1997)). Rule 9(b)

4

requires, at a minimum, "that a plaintiff set forth the 'who, what, when, where, and how' of the alleged fraud." *Id.* (quoting *Thompson*, 125 F.3d at 903).

### III. FALSE CLAIMS ACT

In this case, Relator alleges that GSD&M violated the FCA by presenting a false claim in violation of 31 U.S.C. § 3729(a)(1)[1], and by making or using a false record material to a false claim in violation of 31 U.S.C. § 3729(a)(1)(B)[2]. *See* First. Am. Compl., ECF No. 13. Section 3729(a)(1) imposes liability on anyone who "knowingly presents, or causes to be presented . . . a false or fraudulent claim for payment or approval" to the government. 31 U.S.C. § 3729(a)(1). Section

---

[1] On May 20, 2009, Congress enacted the Fraud Enforcement and Recovery Act of 2009 ("FERA"), which amended the FCA and re-designated 31 U.S.C. § 3729(a)(1) as 31 U.S.C. § 3729(a)(1)(A). *See* Fraud Enforcement & Recovery Act of 2009, Pub.L. 111-21, § 4(d), 123 Stat. 1617, 1624-25 (2009). The pre-FERA version of the FCA imposed liability on any person who "knowingly presents, or causes to be presented, to an officer or employee of the United States Government or a member of the Armed Forces of the United States a false or fraudulent claim for payment or approval." 31 U.S.C. § 3279(a)(1). The FCA, as the FERA has amended it, now imposes liability on any person who "knowingly presents, or causes to be presented, a false or fraudulent claim for payment or approval." 31 U.S.C. § 3279(a)(1)(A). The amendments to § 3730(a)(1) apply only to conduct occurring on or after May 20, 2009, the date of the amendments' enactment. *See* Fraud Enforcement & Recovery Act of 2009, Pub.L. 111-21, § 4(f)(1), 123 Stat. 1617, 1625 (2009). Relator alleges false claims for payment were made before and after May 20, 2009. *See* First Am. Compl. ¶¶ 5, 16, 17, ECF No. 13. Accordingly, the Court applies the language of the pre-FERA amendment to claims for payment occurring before May 20, 2009 and the language of the post-FERA amendment to claims for payment occurring after May 20, 2009.

[2] On May 20, 2009, Congress enacted the FERA, which re-designated 31 U.S.C. § 3729(a)(2) as 31 U.S.C. § 3729(a)(1)(B). See Fraud Enforcement & Recovery Act of 2009, Pub.L. 111-21, § 4(d), 123 Stat. 1617, 1624-25 (2009). The pre-FERA version of the FCA imposed liability on any person who "knowingly makes, uses, or causes to be made or used, a false record or statement to get a false or fraudulent claim paid or approved by the Government." 31 U.S.C. § 3279(a)(2). The FCA, as FERA has amended it, now imposes liability on any person who "knowingly makes, uses, or causes to be made or used, a false record or statement material to a false or fraudulent claim." 31 U.S.C. § 3279(a)(1)(B). The amendments to § 3729(a)(2) apply retroactively to all FCA claims that are pending on or after June 7, 2008. *See* Fraud Enforcement & Recovery Act of 2009, Pub.L. 111-21, § 4(f)(1), 123 Stat. 1617, 1625 (2009); *see also United States ex rel. Patton v. Shaw Services, L.L.C.*, 418 F. App'x 366, 369 n.2 (5th Cir. 2011); *United States ex rel. Steury v. Cardinal Health, Inc.*, 625 F.3d 262, 267 n.1 (5th Cir. 2010). Here, Relator filed the instant action on June 1, 2011. *See generally* Relator's Compl., ECF No. 1. Accordingly, the Court will apply the post-FERA version of § 3729(a)(1)(B).

5

3729(a)(1)(B) imposes liability on anyone who "knowingly makes, uses, or causes to be made or used, a false record or statement material to a false or fraudulent claim." *Id.* § 3729(a)(1)(B).

To plead an FCA violation under § 3729(a)(1) or § 3729(a)(1)(B), the relator must allege (1) "a false statement or fraudulent course of conduct; (2) made or carried out with the requisite scienter; (3) that was material; and (4) that caused the government to pay out money or to forfeit moneys due (i.e., that involved a claim)." *U.S. ex rel. Patton v. Shaw Servs., L.L.C.*, 418 F. App'x 366, 369 (5th Cir. 2011); *U.S. ex rel. Longhi v. Lithium Power Techs., Inc.*, 575 F.3d 458, 467 (5th Cir. 2009); *U.S. ex rel. Rafizadeh v. Cont'l Common, Inc.*, 553 F.3d 869, 873-74 (5th Cir. 2008); *U.S. ex rel. Wall v. Vista Hospice Care, Inc.*, 778 F. Supp. 2d 709, 717 (N.D. Tex. 2011).

Relator proceeds under two theories in alleging that GSD&M violated the FCA. Specifically, Relator alleges that GSD&M violated the FCA by (1) falsely certifying that the overhead costs and profit numbers provided to the USAF Contracting Officer during negotiations were in compliance with 48 C.F.R. § 15.403-4 ("false certification theory") and (2) using or making false records to induce the USAF into contracting ("fraud-in-the-inducement theory"). For the reasons outlined below, the Court finds that Relator's complaint fails to state a claim.

### A.   False Certification Theory

"The FCA is a fraud prevention statute, and 'not a general enforcement device for federal statutes, regulations and contracts.'" *U.S. ex rel. Patton v. Shaw Servs., L.L.C.*, 418 F. App'x 366, 369 (5th Cir. 2011). "The FCA does not create liability for a contractor's breach of a contractual provision or regulation 'unless, as a result of such acts, the [contractor] knowingly asks the Government to pay amounts it does not owe.'" *Id.* Importantly, "the statute attaches liability, not to the underlying fraudulent activity or to the government's wrongful payment, but to the claim for

6

payment." *Longhi*, 575 F.3d at 467 (quoting *Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 785 (4th Cir. 1999)). "Therefore, a central question in [FCA] cases is whether the defendant ever presented a 'false or fraudulent' claim to the government." *Dekort v. Integrated Coast Guard Sys.*, 705 F. Supp. 2d 519, 533 (N.D. Tex. 2010) (quoting *Harrison*, 176 F.3d at 785)). "Because the linchpin of an FCA claim is a false claim," the relator must plead the "time, place and contents of the false representations, as well as the identity of the person making the misrepresentation and what that person obtained thereby" in accordance with Rule 9(b). *Rafizadeh*, 553 F.3d at 873-74. To plead a false claim, the relator must "state the factual basis for the fraudulent claim with particularity and cannot rely on speculation or conclusional allegations." *Id.* at 873.

In this case, Relator alleges that he and previous GSD&M Contracts Managers falsely certified that overhead costs and profit numbers used during contract negotiations with the USAF were current, accurate, and complete pursuant to 48 C.F.R. § 15.403-4. First Am. Compl. ¶¶ 7-9, 18. Relator also alleges that GSD&M violated the excessive pass-through provision of the 2008 contract, which incorporates 48 C.F.R. §§ 52.215-22, 52.215-23 (formerly codified as 48 C.F.R. § 252.215-7004), by charging for media purchases that "added no or negligible value." *Id.* ¶¶ 10-11; Relator's Resp. Def.'s Mot. Dismiss 15, ECF No. 42. The Court will address each theory in turn.

1. <u>48 C.F.R. § 15.403-4</u>

Relator alleges that GSD&M falsely certified that the overhead costs and profit numbers used during negotiations with the USAF were current, accurate, and complete when they were not and therefore violated § 15.403–4. First Am. Compl. ¶¶ 7-9, 18, ECF No. 13. Specifically, Relator alleges that the overhead costs were misrepresented to be 118-152% of labor costs when in actuality they were 100% of labor costs and the profit range would be 5.5-7% when in actuality it was 30-

40%. *Id.* ¶¶ 8-9. GSD&M argues that Relator has failed to state a claim upon which relief can be granted because Relator has failed to allege a nexus between certification of compliance with 48 C.F.R. § 15.403-4 and the submission of a false claim for payment. Def.'s Mot. Dismiss 19-22, ECF No. 38.

*a.     Federal Rule of Civil Procedure 12(b)(6)*

Relator's theory fails because Relator has failed to meet the express certification requirement necessary to successfully plead his FCA claim based on 48 C.F.R. § 15.403-4. *See Steury*, 625 F.3d at 268; *see also Patton*, 418 F. App'x at 370. The Fifth Circuit has made clear that not every breach of a contract or regulation is an FCA violation. *Steury*, 625 F.3d at 268; *Thompson*, 125 F.3d at 902-03. Accordingly, a court will dismiss a relator's FCA claim where "compliance with federal statutes, regulation, or contract provisions was not a 'condition' or 'prerequisite' for payment under a contract." *Steury*, 625 F.3d at 268. "The prerequisite requirement recognizes that unless the Government conditions payment on a certification of compliance, a contractor's mere request for payment does not fairly imply such certification." *Id.* "Even if a contractor falsely certifies compliance (implicitly or explicitly) with some statute, regulation, or contract provision, the underlying claim for payment is not 'false' within the meaning of the FCA if the contractor is not required to certify compliance in order to receive payment." *Id.* at 269.

Here, Relator alleges that GSD&M falsely certified that the overhead costs and profit numbers provided to the USAF during contract negotiations were accurate. *See generally* First Am. Compl., ECF No. 13. Relator then alleges that these false certifications were used "in connection with false claims for payment." *See id.* ¶¶ 7-9. This alone is not enough to allege a violation of the FCA. *See Steury*, 625 F.3d at 268. As noted above, for Relator's claim to be "false" within the

meaning of the FCA, he must allege that certification was a "prerequisite" or "condition" necessary to receive payment under the contract. *Id.* Because Relator has not made this critical allegation, the Court finds that Relator's false certification theory fails.

### b. *Federal Rule of Civil Procedure Rule 9(b)*

Relator's theory additionally fails because he has failed to allege with particularity any fraud on the part of GSD&M. In an FCA action the relator must plead the "time, place and contents of the false representations, as well as the identity of the person making the misrepresentation and what that person obtained thereby" in accordance with Rule 9(b). *Rafizadeh*, 553 F.3d at 873-74.

Here, as noted above, Relator alleges that the GSD&M Contracts Manager, a position he filled from 2006 to 2011, falsely certified the overhead costs and profit numbers.[3] First Am. Compl. ¶¶ 7-9. Relator's Amended Complaint further provides that such false statements during negotiation were "made or used in false claims for payment." *Id.* ¶¶ 8-9. Nowhere in Relator's Amended Complaint does he describe with the requisite particularity how these allegedly false statements of overhead costs and profit numbers, used during the negotiation phase of the contract, led to a false claim of payment. There is no alleged nexus between certification on the one hand and submission of a false claim on the other. *See Longhi*, 575 F.3d at 467 ("The statute attaches liability, not to the underlying fraudulent activity or to the government's wrongful payment, but to the claim for payment."); *see also Dekort*, 705 F. Supp. 2d at 533. Accordingly, Relator's false certification theory fails.

---

[3] Relator alleges that GSD&M's Contracts Manager certified to the USAF that the overhead costs and profit figures used in negotiating the 2000 and 2008 contracts as well as the task and delivery orders were current, accurate and complete. First Am. Compl. ¶¶ 7-9. According to Relator's Amended Complaint, Relator made these certifications from 2006 to 2011. *Id.* ¶¶ 1, 7-9. Relator has not alleged with the requisite particularity who made the certifications before him, when they were made, and how the fraud was committed.

2. <u>Excessive Pass-Through Provision</u>

Relator further alleges that GSD&M violated the excessive pass-through provision of the 2008 contract, which incorporates 48 C.F.R. §§ 52.215-22, 52.215-23, by charging for media purchases that "added no or negligible value." GSD&M argues that Relator's theory fails under the pleading requirements of Rule 12(b)(6) and Rule 9(b). The Court agrees with GSD&M.

a. *Federal Rule of Civil Procedure 12(b)(6)*

Relator's excessive pass-through claim fails for want of stating a claim upon which relief can be granted. Importantly, Relator's complaint ignores the express terms of the contract. According to the excessive pass-through provision, the USAF's Contracting Officer is responsible for determining if "excessive pass-through charges exist." *See* First Am. Compl. ¶ 10 (citing the excessive pass-through provision). Section 252.215-7004, cited and referenced in Relator's complaint as the excessive pass-through provision, provides: "The Government will not pay excessive pass-through charges. The Contracting Officer shall determine if excessive pass-through charges exist." *Id.* Nowhere in Relator's complaint does he allege that the Contracting Officer determined that the media purchases constituted "excessive pass-through charges." Nor does Relator's complaint allege that the Contracting Officer failed to follow proper procedures under this provision. Therefore, Relator has not stated a claim upon which relief can be granted.

Even assuming GSD&M alleged that the USAF's Contracting Officer found that the media charges constituted excessive pass-through charges, Relator has not alleged how failure to comply with this contractual provision was a "condition" or "prerequisite" for payment under the contract. *See Steury*, 625 F.3d at 268. Accordingly, Relator's claim fails.

### b.  *Federal Rule of Civil Procedure 9(b)*

As noted above, the "linchpin" of an FCA claim is whether the defendant presented a false or fraudulent claim to the government. *Rafizadeh*, 553 F.3d at 873-74. Therefore, Relator must plead the "time, place and contents of the false representations, as well as the identity of the person making the misrepresentation and what that person obtained thereby" in accordance with Rule 9(b). *Id.* Here, Relator has not met his burden in alleging the time, place, and contents of the false representations. Instead, Relator cites the contract and generally avers that GSD&M violated the excessive pass-through provision during negotiation and submission of the false claims for payment. *See* First Am. Compl. Importantly, Relator does not explain how violating this excessive pass-through provision led to a false claim for payment. *See Longhi*, 575 F.3d at 467. Furthermore, Relator fails to allege who failed to disclose that GSD&M was adding negligible value to the contracts, task orders, or delivery orders, when these disclosures should have been made, or how the fraud was perpetrated given the contract specifically called for media purchases. *See* First Am. Compl. ¶¶ 10-11.

Based on the foregoing, the Court finds that Relator's allegation that GSD&M violated the excessive pass-through provision fails for want of particularity. *See Rafizadeh*, 553 F.3d at 873-74 (holding that to plead a false claim the relator must "state the factual basis for the fraudulent claim with particularity and cannot rely on speculation or conclusional allegations").

### B.  **Fraud-in-the-Inducement Theory**

GSD&M moves to dismiss Relator's fraud-in-the-inducement theory under Rule 12(b)(6). *See generally* Def.'s Mot. Dismiss, ECF No. 38; Def.'s Reply, ECF No. 44. GSD&M further argues that Relator's theory fails because the facts plead are not sufficient to satisfy Rule 9(b)'s particularity

requirement. *See generally* Def.'s Mot. Dismiss, ECF No. 38; Def.'s Reply, ECF No. 44. Relator responds that it has satisfied both Rule 12(b)(6) and Rule 9(b). *See generally* Relator's Resp. Def.'s Mot. Dismiss, ECF No. 42. For the reasons addressed below, the Court finds that Relator's fraud-in-the-inducement theory satisfies Rule 12(b)(6) but not Rule 9(b).

1. Federal Rule of Civil Procedure 12(b)(6)

In order to prove a fraudulent inducement claim, a relator must demonstrate that: (1) "there was a false statement or fraudulent course of conduct; (2) made or carried out with the requisite scienter; (3) that was material; and (4) that caused the government to pay out money or to forfeit moneys due (i.e., that involved a 'claim')." *Harrison*, 176 F.3d at 782; *see also Willard*, 336 F.3d at 384 ("FCA liability has in certain cases been imposed when the contract under which payment is made was procured by fraud."). Here, GSD&M moves to dismiss Relator's Amended Complaint for want of alleging falsity, scienter, materiality, and a false claim for payment. *See generally* Def.'s Mot. Dismiss, ECF No. 38. The Court addresses each element in turn.

GSD&M moves to dismiss Relator's complaint for want of alleging falsity. GSD&M argues that Relator has not alleged an "objective falsehood." Def.'s Mot. Dismiss 14-16, ECF No. 38. Relator responds that he has alleged an "objective falsehood" because his Complaint provides that GSD&M provided him with false overhead costs and profit numbers to negotiate the contracts with the USAF's Contracting Officer. *See* Relator's Resp. Def.'s Mot. Dismiss 10-12. The Court agrees with Relator.

In order to allege an FCA claim, the statement or conduct alleged must represent an "objective falsehood." *Dekort*, 705 F.Supp.2d at 536; *see also U.S. ex rel. Wall v. Vista Hospice Care, Inc.*, 778 F. Supp. 2d 709, 718 n.46 (N.D. Tex. 2011). At the motion to dismiss stage, the

12

relator need not prove that the statement or conduct was true. *See U.S. ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 376 (5th Cir. 2004) ("Even if it seems 'almost a certainty to the court that the facts alleged cannot be proved to support the legal claim,' the claim may not be dismissed so long as the complaint states a claim." (quoting *Boudeloche v. Grow Chem. Coatings Corp.*, 728 F.2d 759, 762 (5th Cir. 1984))). Rather, the relator must allege statements or conduct that is capable "of being adjudged true or false in a way that . . . admits of empirical verification." *Dekort*, 705 F. Supp. 2d at 536 (citing *Harrison*, 176 F.3d at 792).

Here, Relator alleges that the overhead costs and profit numbers used during negotiations with the USAF Contracting Officer were fraudulent. *See* First Am. Compl. ¶¶ 7-9, 14-19. Accepting this allegation as true, which the Court is required to do at the motion to dismiss stage, the Court finds that whether GSD&M provided Relator false overhead numbers and false profit numbers are facts subject to empirical verification. *See, e.g.*, *Harrison*, 176 F.3d at 792 (finding that underestimating overhead costs in order to induce the government to contract was an was an alleged false statement). Accordingly, Relator's fraud-in-the-inducement theory does not fail for want of alleging a falsity.

GSD&M also argues that Relator has failed to plead scienter. *See* Def.'s Mot. Dismiss 23-24, ECF No. 38. The Fifth Circuit provides that the knowledge element does not require "proof of specific intent to defraud." 31 U.S.C. § 3729(b); *United States ex rel. Farmer v. City of Houston*, 523 F.3d 333, 338 (5th Cir. 2008). But the scienter element is not met by allegations of "mere negligence or even gross negligence." *Id.* Instead, a relator must demonstrate the defendants had (1) actual knowledge of the falsity; (2) acted with deliberate ignorance of the truth or falsity of the

information provided, or (3) acted with reckless disregard of the truth or falsity of the information provided.  31 U.S.C. § 3729(b); *Farmer*, 523 F.3d at 338.

Relator alleges that "[v]arious persons at the highest levels of GSD&M's management, at times, (1) actually knew, (2) acted in [deliberate] ignorance and/or (3) recklessly disregarded the truth or falsity of the information wrongfully certified to the DCAA and the U.S. Air Force." First Am. Compl. ¶ 19, ECF No. 13.

Standing alone, this is insufficient to allege knowledge under the FCA.  *See Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 339 (5th Cir. 2008) ("The plaintiffs must set forth specific facts supporting an inference of fraud.").  However, Relator also alleges that the accounting manager for GSD&M stated that "it would be a bad thing" if the government knew how much money GSD&M was actually making on the contracts and that "higher ups" at GSD&M had gotten used to the "big fat margins."  First Am. Compl. ¶ 20, ECF No. 13.  When taken together, these allegations lead to an inference that GSD&M knew that the overhead cost numbers and profit numbers used during negotiations were false.  Therefore, the Court finds that Relator has adequately alleged the scienter element for his fraud-in-the-inducement theory.  *See U.S. ex rel Willard v. Humana Health Plan of Texas, Inc.*, 336 F.3d 375, 384-85 (5th Cir. 2003).

GSD&M also moves to dismiss Relator's fraud-in-the-inducement theory for want of pleading materiality.  *See* Def.'s Mot. Dismiss 21-22, ECF No. 38.  GSD&M argues that Relator has provided no "evidence" that the government was influenced by GSD&M's supposed misrepresentations.  *Id.* at 21.  GSD&M further argues that Relator has not sufficiently alleged that the government "would not have awarded GSD&M the contract had it known about the alleged misrepresentation."  *Id.*  Relator responds that the Amended Complaint satisfies the materiality

14

element because it alleges that the inflated overhead costs and false profit numbers "would have affected" negotiation of the contracts. *See* Relator's Resp. Def.'s Mot. Dismiss 13-14; *see also* First Am. Compl. ¶ 21, ECF No. 13. The Court agrees with Relator.

The Fifth Circuit employs the "natural tendency test" when assessing the materiality element. *Longhi*, 575 F.3d at 469. Therefore, all that is required in order to plead materiality under the FCA is that the false statements or fraudulent conduct "could have" or had the "potential" to influence the government's decision. *Id.* at 469-70. Here, Relator has met this burden by alleging that USAF's Contracting Officer said that had he known of the inflated overhead costs and the false profit numbers his contract negotiations with GSD&M "would have [been] affected." First Am. Compl. ¶ 21. Relator further alleges that the Contracting Officer said that the parties would have reached a "contractual impasse" had he known that the false information used by GSD&M during negotiations was providing GSD&M with "such a high profit contract." *Id.* These allegations meet the materiality element at the motion to dismiss stage.

Finally, GSD&M argues that Relator has not alleged that a false claim for payment was made. *See* Def.'s Mot. Dismiss 22-23, ECF No. 38. FCA liability may be imposed "when the contract under which payment is made was procured by fraud." *Longhi*, 575 F.3d at 467-68 (quoting *U.S. ex rel. Willard v. Humana Health Plan of Tex. Inc.*, 336 F.3d 375, 384 (5th Cir. 2003)). Here, Relator alleges that he unknowingly used false overhead cost numbers and profit numbers when negotiating the contract with the USAF's Contracting Officer. *See generally* First Am. Compl., ECF No. 13. Relator further alleges that the USAF entered into contracts with Relator and that the USAF made payments. *See generally id.* Accordingly, the Court finds that Relator has met his burden in pleading a false claim for payment under his fraud-in-the-inducement theory. *See Longhi*, 575 F.3d

15

at 468 (finding that, although the claims may not be factually false, if they "derived from the original fraudulent misrepresentation, they, too, become actionable false claims").

### 2. Federal Rule of Civil Procedure 9(b)

GSD&M also moves to dismiss Relator's fraud-in-the-inducement theory pursuant to Rule 9(b). GSD&M argues that Relator has failed to specify the "who, what, when, where, and how" or the "time, place, and contents" of the false statements. Def.'s Mot. Dismiss First Am. Compl. 22-23, ECF No. 38.

"Because the linchpin of an FCA claim is a false claim," the relator must plead the "time, place and contents of the false representations, as well as the identity of the person making the misrepresentation and what that person obtained thereby" in accordance with Rule 9(b). *Rafizadeh*, 553 F.3d at 873. To plead a false claim, the relator must "state the factual basis for the fraudulent claim with particularity and cannot rely on speculation or conclusional allegations." *Id.*

Here, Relator has not plead his fraud-in-the-inducement claim with the requisite particularity. Relator's fraud-in-the-inducement theory is that some "higher up" at GSD&M provided him with false overhead costs and profit figures that he then used to negotiate and finalize contracts with the USAF. *See generally* First Am. Compl., ECF No. 13. While Relator's complaint alleges that someone in GSD&M provided him the false overhead costs and profit numbers, he specifies neither who provided him with this information nor how the information was provided to him. Furthermore, Relator does not allege when GSD&M provided him with the false overhead costs and profit numbers. Finally, Relator's complaint does not sufficiently allege the "time, place, and contents" surrounding his representations or another Contracts Manager's representations to the USAF Contracting Officer.

16

Based on the foregoing, the Court concludes Relator has fallen short of pleading his fraud-in-the-inducement claim with the requisite particularity required by Rule 9(b). *See, e.g, United States ex rel. Richardson-Eagle Inc. v. Marsh & McLennan Cos.*, No. Civ. A. H-05-0411, 2005 WL 3591014, at *7 (S.D. Tex. Dec. 20, 2005) (dismissing fraud-in-the-inducement claim under Rule 9(b) for failing to allege who, where, when, and what surrounding contact negotiations); *Willard*, 336 F.3d at 385-86 (same).

## IV.   CONCLUSION

Based on the foregoing, the Court **GRANTS** Defendant GSD&M's Motion to Dismiss (ECF No. 37) Relator's claims without prejudice. To the extent that Relator wishes to pursue these claims, Relator is **ORDERED** to file an amended complaint on or before **February 16, 2013** curing these deficiencies. If he does not file an amended complaint by **February 16, 2013**, these claims will be dismissed with prejudice.

Finally, the Court **DENIES as moot** Relator's Motion for Leave to File Second Amended Complaint (ECF No. 46).

**SO ORDERED** on this **18th day** of **January, 2013**.

_____
Reed O'Connor
**UNITED STATES DISTRICT JUDGE**